BY: JEFFREY PHILIP PAUL, ESQ.
124 East Chestnut Street
Lancaster, PA 17602
(717) 735-7545
IDENTIFICATION NUMBER:
10182

                                        ATTORNEY FOR PLAINTIFF


# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| JAMES WILSON | : |
| 503 Sterling Place | : |
| Lancaster, PA 17603 | : |
|        Plaintiff | : |
| | : |
|     v. | : |
| | : |
| COUNTY OF LANCASTER | : |
| 50 N. Duke St. | : |
| Lancaster, PA  17608-3480 | : |
|     and | : |
| VINCENT GUARINI, WARDEN | : |
| County of Lancaster Prison | : |
| 625 E. King St. | : |
| Lancaster, PA  17602-3199 | : |
|     and | :   CIVIL NO. |
|  DEPUTY WARDEN DOE | : |
| County of Lancaster Prison | : |
| 625 E. King St. | : |
| Lancaster, PA  17602-3199 | : |
|     and | : |
| CORRECTION OFFICER PLUMMER | : |
| County of Lancaster Prison | : |
| 625 E. King St. | : |
| Lancaster, PA  17602-3199 | : |
|     and | : |
| CORRECTION OFFICER ROCKLAND | : |
| County of Lancaster Prison | : |
| 625 E. King St. | : |
| Lancaster, PA  17602-3199 | : |

|                                        |   |
|----------------------------------------|---|
| and                                    | : |
| CORRECTION OFFICER ROCKEFELLER         | : |
| County of Lancaster Prison             | : |
| 625 E. King St.                        | : |
| Lancaster, PA  17602-3199              | : |
| and                                    | : |
| CORRECTION OFFICER STEBERGER           | : |
| County of Lancaster Prison             | : |
| 625 E. King St.                        | : |
| Lancaster, PA  17602-3199              | : |
| and                                    | : |
| NURSE STEPHANIE BRODT                  | : |
| County of Lancaster Prison             | : |
| 625 E. King Street                     | : |
| Lancaster, PA  17602-3199              | : |

DEFENDANTS

## CIVIL ACTION COMPLAINT

1.     This claim is being brought pursuant to 42 U.S.C. §1983 for violation of

Plaintiff's rights under the Eighth Amendment of the United States Constitution.

2.     This Court has jurisdiction over the Federal claims pursuant to 28 U.S.C.

§133.1 and §1343.

3.     Venue is proper under 28 U.S.C. §1391 (b) because the causes of action

upon which the Complaint is based arose in Lancaster County, Pennsylvania, which is in

the Eastern District of Pennsylvania.

4.     Plaintiff is an adult citizen of the Commonwealth of Pennsylvania who is

currently residing as captioned.

5.     Defendant-VINCENT GUARINI, was at all times the warden of Lancaster

County Prison, responsible for insuring the safety of inmates incarcerated in Lancaster

County Prison, making and enforcing policies, practices and procedures within the prison

as well as providing for adequate training and supervision of correctional staff at the prison.   At all times material, this Defendant acted under color of state law and authority and within the scope of his employment.  Defendant Guarini is being sued both individually and in his official capacity as an officer, agent and/or employee of Defendant-County of Lancaster.

6.     Defendant-DEPUTY WARDEN DOE, was at all material times the deputy warden of Lancaster County Prison, making, enforcing and administering policies, practices and procedures within the prison as well as providing for adequate training and supervision of correctional staff at the prison.  At all times material, this Defendant acted under color of state law and authority and within the scope of his employment. Defendant-Deputy Warden Doe is being sued both individually and in his official capacity as an officer, agent, and/or employee of Defendant-County of Lancaster.

7.     Defendant-NURSE STEPHANIE BRODT was responsible for the Plaintiff's day-to-day medical care and treatment including providing and administering necessary medications to the Plaintiff during the period of his incarceration.  NURSE STEPHANIE BRODT is being sued both individually and in her official capacity as an officer, agent, contractor and/or employee of the County of Lancaster.  At all material times, Defendant-NURSE STEPHANIE BRODT was acting under color of state law, pursuant to the customs, practices and policies of the County of Lancaster.

8.     Defendants-CORRECTIONAL OFFICERS PLUMMER, ROCKLAND, ROCKEFELLER and STEBERGER were at all times material employed by the County of Lancaster to ensure the care, custody and control of Plaintiff and other inmates incarcerated within the County of Lancaster's prison.   They are being sued in their

individual capacities as officers, agents, and/or employees of the County of Lancaster.  At all times material Defendants-Corrections Officers Plummer, Rockland, Rockefeller and Steberger were acting under color of state law, pursuant to the customs, practices and policies of the County of Lancaster.

9.     On or about April 5 or April 6, 2005 Plaintiff was incarcerated at the Lancaster County Prison.

10.     On Plaintiff's second day of incarceration he began feeling pain in his whole stomach area, which was a stabbing pain.

11.     Upon experiencing the stabbing pain, Plaintiff filled out a request form-medical one, which he gave to Corrections Officer Plummer.  Plaintiff completed the aforementioned form as a result of his advising Corrections Officer Plummer that he was ill and experiencing a stabbing pain in his stomach.

12.      The following day Plaintiff was seen by Co-Defendant-NURSE STEPHANIE BRODT, who took his temperature and indicated that there was nothing wrong with him.  NURSE STEPHANIE BRODT checked Plaintiff's temperature and pulse, and she stated: " There is nothing wrong".

13.      Thereafter Plaintiff filled out another request form, which he provided to Corrections Officer Plummer.   And, Plaintiff became sicker and sicker, and he could not walk or eat, nor could he sit down, and he cried himself to sleep.

14.     As a result of his completing the aforementioned form, Plaintiff was again seen by NURSE STEPHANIE BRODT, who gave Plaintiff Mylanta, and she indicated that it would help him.  However, Plaintiff continued to experience the same pain.

15.     Thereafter Plaintiff left his cell and attempted to go to NURSE STEPHANIE BRODT's office, but when NURSE STEPHANIE BRODT saw Plaintiff she screamed: "Plummer, he is not supposed to be here.  There is nothing wrong with him.  He is another inmate trying to get medication."

16.     In response to the tirade of NURSE STEPHANIE BRODT Plummer stated to Plaintiff: " There is nothing I can do." And, Plaintiff was escorted back to his cell.

17.     Thereafter Plaintiff's pain became more severe, and although Plaintiff complained to various corrections officers, he was advised that, if the nurse indicated there was nothing with him, nothing could be done.

18.     The next day Plaintiff began throwing up blood, as a result of which he called to Corrections Officer Plummer.   As a result thereof NURSE STEPHANIE BRODT came up to the cell, and Plaintiff was sent to the infirmary, where NURSE STEPHANIE BRODT gave him two shots of medication.

19.     Although Plaintiff was returned to his cell, he continued to throw up.

20.     The following day Corrections Officer Rockland and/or Corrections Officer Rockefeller came in and the inmates screamed to them that Plaintiff had to go to the hospital.

21.     Thereafter Plaintiff was escorted to the infirmary by Corrections Officer Rockland and/or Corrections Officer Rockefeller, at which point he saw Nurse Ryan and/or another nurse.   And, they observed that he looked like he was dying and that he had to be sent to the hospital.

22.     Thereafter Plaintiff was rushed to Lancaster General Hospital, and after various testing was done, an emergency surgery was performed, and on April 14, 2005 Plaintiff discovered for the first time that he was indeed was seriously ill, and that he was suffering from

a perforated appendix with multiple abscesses, which were causing his severe abdominal pain, which was disclosed by said emergency surgery.

23.    As a direct and proximate result of not being properly treated while incarcerated at the Lancaster County Prison, and as a result of the prison officials' ignoring Plaintiff's pleas for help and the fact that he was seriously ill, Plaintiff suffered severe pain and mental anguish, and a severe, inordinate-sized scar in his abdominal area, due to the fact that eventually he had to undergo emergency surgery.

24.    As a direct and proximate result of the county officials' ignoring Plaintiff's pleas for help and medical assistance and failure to expeditiously have him treated, Plaintiff was incarcerated in the Lancaster General Hospital for sixteen days, during which time he suffered and could not use the bathroom.

25.    As a direct and proximate result of the failure of the officials of Lancaster County Prison to obtain expeditious medical treatment for Plaintiff, and their ignoring his pleas for help, Plaintiff suffered from severe pain and he lost twenty-three pounds, and he also was confined in the medical ward of the county prison.

26.    Plaintiff and various other inmates, including Jeffrey Strama, Richard Moore, Joseph Mackey and Philip Lopez made verbal complaints about the failure to provide Plaintiff with medical treatment during the course of his incarceration at Lancaster County Prison, and although Plaintiff submitted numerous slips and grievances, his pleas were ignored.

27.    As a result of the aforementioned conduct of all of the Defendants, Plaintiff received a severe shock to his nervous system and other serious and permanent injuries to his body and nerves, all to his expense and detriment.

28.    As a result of the aforementioned conduct of all of the Defendants, Plaintiff suffered severe physical pain, mental anguish, humiliation and loss of life's pleasures.

29.    As a further result of the aforementioned conduct of all of the Defendants, Plaintiff received a severe nervous shock and other serious and permanent injuries to his body and nerves, all to his expense, loss and detriment.

30.    As a further result of the aforementioned conduct of all of the Defendants, Plaintiff became sick, sore, lame and disordered, by reason of which he will continue to suffer great mental anguish and physical pain.

**COUNT I - 42 U.S.C. § 1983**
**EIGHTH AMENDMENT CLAIM**
**DELIBERATE INDIFFENCE TO SERIOUS MEDICAL NEEDS**

31.    Paragraphs 1 through 30 are hereby incorporated by reference as if more fully set forth below.

32.    Defendants knowingly, intentionally, and with reckless and deliberate disregard for the Plaintiff's health and safety denied Plaintiff necessary medical treatment to treat the above-cited serious medical problems which he had, in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments of the Constitution of the United States of America.

33.    As a direct and proximate result of the Defendants' deliberate indifference to his serious medical needs, the Plaintiff suffered injuries, which are described above.

34.    The above-described actions of the Defendants in their individual capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C.§ 1983 and §1988, Plaintiff demands compensatory and punitive damages against defendants jointly and/or severally, in an amount not in excess of One Hundred Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

Respectfully submitted,


BY:_____
JEFFREY PHILIP PAUL, ESQ.
ATTORNEY FOR PLAINTIFF
124 East Chestnut Street
Lancaster, PA  17602
(717) 735-7545
Attorney I.D. No. 10182